**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PAULO CASTRO and RENA CASTRO,**

          **Plaintiffs,**

**-vs-**                                       **Case No. 6:04-cv-1872-Orl-31JGG**

**LOUISVILLE LADDER GROUP LLC and**
**WAL-MART STORES EAST, LP,**

          **Defendants.**

**ORDER**

This cause came on for consideration after a hearing on the following motion filed herein:

> **MOTION:**    **MOTION FOR SUMMARY JUDGMENT (Doc. No. 37)**
>
> **FILED:**      **August 25, 2005**
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

**I.**    **Background**

Plaintiff Paulo Castro ("Castro") suffered an injury while working on a ladder manufactured by Defendant Louisville Ladder Group, LLC and purchased from Defendant Wal-Mart Stores East, LP. He contends that the ladder's legs bent, throwing him to the ground. (Doc. 2 at 2). He sued the Defendants in state court, alleging negligence and strict liability.[1] On December 23, 2004, the Defendants removed the case based on diversity of citizenship. (Doc. 1 at 3). The Defendants now move for summary judgment on Castro's claims.

---

[1] His wife, Rena, also filed loss of consortium claims against the Defendants. (Doc. 2 at 4-6).

**II.     Legal Standard**

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Svc., Inc.*, 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003).

When a party moving for summary judgement points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985).

The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The Court is not, however, required to accept all of the nonmovant's

factual characterizations and legal arguments. *Beal*, 20 F.3d at 458-59. If material issues of fact exist, the Court must not decide them, but rather, must deny the motion and proceed to trial. *Environmental Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).

## III.  Application

At the hearing on October 12, 2005, Castro withdrew his negligence count and his claims of defective design and inadequate warning, leaving only his strict product liability claim to be resolved on this motion. As this is a diversity case, the Court must apply Florida substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). To establish a strict liability claim under Florida law, the user must establish (1) the manufacturer's relationship to the product in question, (2) the defect, and (3) the existence of the proximate causal connection between such condition and the user's injuries or damages. *West v. Caterpillar Tractor Co.*, 336 So.2d 80, 87 (Fla. 1976). Florida courts permit a plaintiff to establish an inference that a defect existed if the product malfunctions during normal use. *Cassisi v. The Maytag Co.*, 396 So.2d 1140 (Fla. 1st DCA 1981).

In their motion for summary judgment, the Defendants challenge only the second element. They contend that Castro – who admittedly has failed to produce any direct evidence that the ladder was defective – is not entitled to the *Cassisi* inference in this case for several reasons (Doc. 39 at 17-20), which the Court addresses in turn.

### A.  Lack of evidence

The Defendants contend that Castro, like the plaintiff in *Humphreys v. General Motors Corp.*, 839 F.Supp. 822 (N.D. Fla. 1993), has failed to produce any evidence of the two elements – normal use and malfunction – needed to support the *Cassisi* inference. (Doc. 39 at 18). The husband and

wife plaintiffs in that case contended that the driver's seat malfunctioned during an automobile accident, injuring the wife. *Id.* at 823. But the couple could not produce the allegedly defective car seat (which had been destroyed, along with the car, by their insurance company), or any pictures of or reports on the car seat after the crash, or even testimony about what happened to the car seat when the accident occurred. *Id.* at 826-27. Moreover, the court in *Humphreys* concluded that an automobile accident was not "normal use" for purposes of the inference. *Id*. at 829. In the instant case, Castro has produced not only the ladder but testimony from himself and a co-worker. The testimony, if believed by a finder of fact, would establish that the ladder malfunctioned while being used normally – i.e., that it was on level ground, with the braces locked, when one or both legs bent or folded, pitching Castro to the ground. "The user's testimony of the circumstances of the accident is a generally accepted method of evidence for establishing proof of a defect." *Cassisi*, 396 So.2d at 1150 n. 21.

  **B.**  **Evidence of misuse**

  The Defendants next contend that the *Cassisi* inference has only been applied in cases in which the defendants were unable to produce any specific evidence of product misuse by the plaintiff. (Doc. 39 at 19). It is true that the Defendants have testimony from passersby that Castro was using the ladder while it was closed and leaning against the tree, contrary to its instructions. And Castro does not dispute that he was using a tool that was not intended for use on ladders, which would at least arguably mean he was not engaged in "normal use". But the single case cited by the Defendants on this point – *Parke v. Scotty's, Inc.*, 584 So.2d 621 (Fla. 1st DCA 1991) – does not require a complete absence of contradictory evidence before the *Cassisi* inference applies, and the Court's research has

not uncovered any case that imposes such a requirement. Obviously, if Castro was not using the ladder "normally" at the time of the accident, the *Cassisi* inference will not apply. But that disputed issue of fact is not properly resolved on summary judgment.

### C.   Destruction of the evidence

Finally, the Defendants argue that the *Cassisi* inference has historically been applied where the product was so badly damaged by a malfunction as to preclude the plaintiff's expert witness from being able to discover the underlying defect. (Doc. 39 at 19-20). In *Cassisi*, the clothes dryer at issue was destroyed by the fire it allegedly caused, *Cassisi* at 1143, whereas in the instant case the ladder was merely twisted and remains available for inspection and testing. However, the cases relied upon by the Defendants do not impose a requirement that the allegedly defective product be unavailable for inspection. In fact, after its review of the case law, the *Cassisi* court reached the opposite conclusion, stating: "While all of the above cases involved products either lost or destroyed, the inference is not dependent solely upon such facts." *Id.* at 1151. Moreover, the plaintiff's failure to procure expert testimony when the product is available for examination is no bar to application of the *Cassisi* inference. The case which the *Cassisi* court primarily relied upon in establishing the existence of the inference – *Greco v. Bucciconi Engineering Co.*, 283 F.Supp. 978 (W.D.Pa. 1967) – itself involved a situation where the allegedly defective product, though available, was not examined by the plaintiff. *Cassisi* at 1151 ("The piler in *Greco* was not so badly damaged as to make expert examination impossible, although none was offered in evidence."). Moreover, even if the product is available , and even if the plaintiff's expert finds nothing amiss with it, Florida law still permits the plaintiff to rely on the *Cassisi* inference. *See Parke*, 584 So.2d at 622 (reversing summary judgment

against plaintiff due to *Cassisi* inference, even though plaintiff's expert "candidly testified that he could not identify any specific design, construction, manufacturing or wood defect in the ladder."). In consideration of the foregoing, it is hereby

**ORDERED** that the Defendants' Motion for Summary Judgment (Doc. 37) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 2, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties